NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3266

DEBORHA M. BRUCE

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.


Deborha M. Bruce, of Fresno, California, pro se.

Armando Rodriguez-Feo, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director. Of counsel on the brief was Donald C. Phillips, Attorney, United States Department of Veterans Affairs, Office of Regional Counsel, of Washington, DC.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3266

DEBORHA M. BRUCE,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0752070730-I-1.

_____

DECIDED:  January 9, 2009

_____

Before NEWMAN, SCHALL, Circuit Judges, and PATEL, District Judge[*]

PER CURIAM.

Deborha M. Bruce, pro se, appeals the decision of the Merit Systems Protection Board sustaining the Department of Veterans Affairs' decision to remove her from her position as a medical technician. Bruce v. Dep't of Veterans Affairs, Docket No. SF-0752-07-I-1 (M.S.P.B. Apr. 11, 2008). We affirm.

_____

[*] The Honorable Marilyn H. Patel, United States District Court for the Northern District of California, sitting by designation.

BACKGROUND

Ms. Bruce worked as a medical technician at the VA's Central California Health Care System in Fresno for more than four years. On July 25, 2007, the VA issued a notice proposing her removal, based on three charges: failure to follow instructions, disrespectful language, and inappropriate statements. The charges related to two separate incidents. The first involved several encounters between Ms. Bruce and her direct supervisor on May 11, 2007, when Ms. Bruce allegedly failed to follow her supervisor's instructions not to take a patient to the facility's workout room because it was only open to staff at the time, and when Ms. Bruce allegedly used disrespectful language and made inappropriate statements. The second incident involved inappropriate statements Ms. Bruce allegedly made about her supervisor in front of other employees on June 11, 2007. On August 8, 2007 Ms. Bruce made an oral reply to the removal notice to Alan S. Perry, the deciding official and Medical Center Director, in a meeting at which a union representative was present. She also provided a written reply at that time. On August 12, 2007, Perry issued a decision sustaining the charges and removing Ms. Bruce, effective August 27, 2007.

Ms. Bruce appealed her removal to the MSPB, challenging the factual support for the three charges against her, raising affirmative defenses of retaliation for whistleblowing and harmful procedural error, and alleging that the penalty did not promote the efficiency of the service and was unreasonable. The administrative judge (AJ) held a hearing in Fresno on November 19, 2007. Prior to the scheduled hearing, on November 15, 2007 Ms. Bruce's union representative Allan Smith telephoned the AJ to request a continuance of the hearing in light of a change in his travel plans, but his request was denied by order of the

AJ on the same date. The record reflects that Mr. Smith did return to Fresno in time for the hearing, and represented Ms. Bruce.

In an initial decision issued December 11, 2007, the AJ addressed the evidence presented at the hearing and concluded that the agency met its burden in sustaining each of the charges against Ms. Bruce. The AJ particularly examined the testimony of Ms. Bruce and other VA employees relating to the alleged incidents on May 11, 2007 and June 11, 2007. The AJ noted inconsistencies in Ms. Bruce's testimony, and found more credible the testimony of Ms. Bruce's direct supervisor and of other employees who observed Ms. Bruce's behavior in the workplace, based upon the witnesses' demeanor, among other factors. See Hillen v. Dep't of Army, 35 M.S.P.R. 453, 458 (1987) (stating factors to be considered in assessing witness credibility); see also Haebe v. Dep't of Justice, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (same).

Turning to the asserted affirmative defenses, the AJ first examined Ms. Bruce's statement that her removal was in retaliation for her complaint to her then-supervisor in January 2006 that several of her coworkers were engaging in sexual behavior while on duty. The AJ found that Ms. Bruce had failed to identify any violation of law, rule, or regulation covered by the Whistleblower Protection Act upon which her alleged protected disclosure was based, and that even assuming she had made a protected disclosure, she did not meet her burden in showing that her disclosure was a contributing factor in the agency's decision to remove her, particularly in light of the lengthy period of time between her disclosure and the removal action, and the lack of involvement by the deciding official in the conduct she reported.

The AJ also found no foundation for Ms. Bruce's allegations of harmful procedural error, either based on a "biased investigation" against her, or based on her allegation that the deciding official considered matters beyond the charges included in the notice of proposed removal in violation of Stone v. Federal Deposit Insurance Corp., 179 F.3d 1368, 1376 (Fed. Cir. 1999). The AJ also found that the VA met its burden in showing a nexus between the sustained charges and the efficiency of the service, and exercised its discretion within tolerable limits of reasonableness in imposing the penalty of removal, noting especially the seriousness of the behavior, the lack of mitigating factors, and Ms. Bruce's history of similar behavior, including several prior incidents of using disrespectful language and making inappropriate statements resulting in a reprimand and a suspension.

Ms. Bruce filed a petition for review by the full Board, which was denied on April 11, 2008, rendering the AJ's initial decision final. She now appeals that decision to this court.[1]

DISCUSSION

Decisions of the MSPB are reviewed to determine whether they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed.Cir.1986).

In her various filings, Ms. Bruce raises several basic arguments. In her initial filing she challenges the Board's fact findings upon which it sustained the three charges,

---

[1] We have received, and fully considered, Ms. Bruce's initial informal brief, as well as a supplemental brief received by the court on July 15, 2008, a reply brief received August 11, 2008, and a subsequent submission filed by leave of the court on September 30, 2008, as well as the VA's informal response filed August 4, 2008.

particularly its credibility determinations favoring the testimony of Ms. Bruce's supervisor and other witnesses over her own testimony. Credibility determinations are within the discretion of the Board and, "in general, such evaluations are 'virtually unreviewable' on appeal." King v. Dep't of Health & Human Servs., 133 F.3d 1450, 1453 (Fed. Cir. 1998) (quoting Clark v. Dep't of Army, 997 F.2d 1466, 1473 (Fed. Cir. 1993)). Ms. Bruce argues that her supervisor's testimony was false, and that the Board should have accepted her version of the events. However, she has not provided reason to reject the Board's credibility determinations, which were based on witness demeanor and the consistency of the testimony presented in support of the VA's charges.

Ms. Bruce argues that the evidence does not support the failure to follow instructions charge, which was based on her refusal to follow her supervisor's instruction not to take a patient to the facility's workout room during hours when access to the room was restricted to employees and volunteers. She asserts that neither her supervisor nor any other witness observed her enter the workout room with the patient. The AJ found that evidence of actual entry was not required, in light of the testimony establishing that Ms. Bruce's supervisor instructed her not to take the patient to the workout room, and that Ms. Bruce defied this instruction by removing the key to the room from the wall and leading the patient down the hall toward the workout room. Ms. Bruce provides a competing explanation of the events of May 11, 2007, but her explanation was fully presented before the AJ, who found her testimony less credible than that of several other witnesses. We conclude that substantial evidence supported the AJ's findings on the asserted charges.

In her supplemental filings Ms. Bruce argues that she requested a postponement of the hearing before the AJ because her representative had an intense headache and "could

not function correctly," and requested that she represent herself, but the AJ unfairly denied these requests, preventing the successful cross examination of witnesses. The VA responds that Ms. Bruce has not presented any evidence that she made these requests, for they are not shown in the record, and that in any event these assertions do not provide a basis for relief. Ms. Bruce states that she made the request to remove her representative "upon a break and off the record." This disputed aspect does not establish a denial of procedures required by law.

Ms. Bruce also argues that the deciding official, Mr. Perry, was biased against her. This charge appears to concern the same issues considered by the AJ in reference to the defense of retaliation. General assertions of bias require some threshold support, not here provided, for no error has been shown in the Board's conclusion that she did not establish a protected disclosure, or that she did not establish that her disclosure was a contributing factor to the agency's decision to remove her.

Ms. Bruce also challenges the facts relating to her prior suspension for being absent without leave and her prior reprimand for making other inappropriate statements, and other factors the agency stated that it considered in deciding on the appropriate penalty. The AJ conducted an analysis to ensure that consideration of her past discipline met the procedural requirements stated in Bolling v. Department of the Air Force, 9 M.S.P.R. 335, 338-39 (1981). We affirm the AJ's determination that these prior disciplinary actions could be considered in assessing the reasonableness of her removal.

On the entirety of the record, the Board's decision must be affirmed.

No costs.